JUSTICE WARNER
specially concurs.
¶59 I find both the Opinion and the dissent singularly confusing. The Court’s Opinion interchangeably uses the term “ground water” to mean both “water that comes out of the ground” and “water that comes out of the ground and is not connected to surface water.” The second meaning is the particular way ground water is described in § 85-2-342(2), MCA. The dissent refuses to recognize that it would be futile for Trout Unlimited to go back to DNRC for administrative proceedings without a direct statement of why. Thus, I write to briefly state the reasons I concur with the Court.
¶60 Both the Court and the dissent agree that the Upper Missouri River Basin is now closed to new surface water appropriations, and that DNRC may not process or grant an application for such an appropriation. There is an exception to the closure for ground water. Section 85-2-341(2)(a), MCA. Ground water, as noted by the Court’s Opinion, ¶ 33, and the dissent, ¶ 4, is not merely water that comes from under the ground. In order to be ground water within the statutory exception to the closure, the water extracted cannot be immediately or directly connected to surface water. Section 85-2-342(2), MCA. If it is so connected, it is simply not ground water, even though it may be pumped up from a well. It is surface water, and the application for its appropriation may neither be processed nor granted.
*501 ¶61 The dissent is obviously correct that DNRC must, by the very nature of things, process every application for a new appropriation that claims it is for ground water. This processing has to be done to determine if the proposed appropriation is truly for ground water or whether the water proposed to be captured under the ground is actually connected to surface water, either immediately or directly. Some processing by DNRC is obviously required in order to make this initial determination, no matter what Trout Unlimited and the other plaintiffs may claim. If this were not true, the exception would be meaningless because without some initial processing there would be no way to determine if an applicant’s proposal really would capture ground water. The Court does not seem to disagree with this obvious truth, but does not say so directly.
¶62 The dissent says that the Court’s decision is overly broad and the futility doctrine should not be applied in this case. ¶ 12. With this, I must disagree. I agree with the Court that the record before us indicates that DNRC is wrong in how it has decided to determine whether water that comes up from the ground is immediately or directly connected to surface water. This is because, as noted by the Court at ¶ 37, DNRC, in its formal rules, does not account for impact to surface flow caused by prestream capture of tributary ground water. And, as DNRC can be expected to apply its erroneous rules during administrative proceedings, it would be futile to send the matter back for further DNRC processing without correcting the error. Correcting the error is all that I believe we do.
¶63 In my view, upon remand, the District Court will examine the complete record concerning the application in question, in the context of this Court’s correction of DNRC rules and policy, the Administrative Procedure Act, and the law. Then, the District Court will either remand to DNRC for further hearings or decide the matter itself.
¶64 I concur in the Court’s decision to remand for further proceedings.